

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| STEVEN HUGHES,<br>          Plaintiff,<br><br>vs.<br><br>KAREN F. BALLENGER and THOMASINA HARDY,<br>          Defendants. | §<br>§<br>§<br>§<br>§  CIVIL ACTION 3:25-12825-MGL<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
TO THE EXTENT PROVIDED HEREIN
AND DISMISSING PLAINTIFF'S CASE WITHOUT PREJUDICE**

Plaintiff Steven Hughes filed this 42 U.S.C. 1983 pro se lawsuit against Defendants Karen F. Ballenger and Thomasina Hardy (Defendants). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the case be dismissed without further leave for amendment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 13, 2025, but Hughes failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report to the extent it is consistent with this Order, and incorporates those portions herein. Therefore, it is the judgment of the Court this action is **DISMISSED WITHOUT PREJUDICE**.

The Court, however, declines to follow the Magistrate Judge's recommendation the case be dismissed without further leave for amendment. This is so because the Fourth Circuit has held "a plaintiff has an absolute right to amend his complaint once before a responsive pleading has been filed and need not seek leave of court to do so." *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010). The Fourth Circuit went on to explain "[t]he plaintiff's right to amend once is absolute. Therefore, the district court abused its discretion in preventing [the plaintiff's] amendment as of right, and we reverse the district court on that ground." *Id*.

Here, Defendants have yet to be served with the complaint. Accordingly, they have failed to file a responsive pleading. Hughes thus has an absolute right to amend his complaint.

**IT IS SO ORDERED**.

Signed this 5th day of January, 2026, in Columbia, South Carolina.

                                                        /s/ Mary Geiger Lewis  
                                                        MARY GEIGER LEWIS  
                                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Hughes is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.